# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**PAUL WOLF,**

    **Plaintiff,**

**v.**                                                                    **Case No: 5:13-cv-524-Oc-PRL**

**COMMISSIONER OF SOCIAL SECURITY**

    **Defendant.**

## ORDER

This matter is before the Court on Defendant's Unopposed Motion for Entry of Judgment with Remand in which Defendant requests the Court remand this case so that the Commissioner can take further administrative action. (Doc. 22). Defendant states that Plaintiff has no objection to the Motion to Remand. Pursuant to 28 U.S.C. § 636(c) and the parties' consent, this case has been referred to the undersigned to conduct all proceedings and order the entry of a final judgment. (Doc. 20).

Under Title 42, United States Code, Section 405(g), the Court is empowered to reverse the decision of the Commissioner with or without remanding the cause for a rehearing. *Shalala v. Schaefer*, 113 S. Ct. 2625 (1993). The failure of the ALJ to develop the record constitutes sufficient grounds for remand. *Brissette v. Heckler*, 730 F.2d 548 (8th Cir. 1984), appeal after remand 613 F. Supp. 722 (E.D. Mo. 1985), judgment aff'd in part, rev'd in part, 784 F.2d 864 (8th Cir. 1986). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider psychiatric report tendered to

Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (holding that the ALJ should consider on remand the need for an orthopedic evaluation).

Therefore, following a careful review of the record and filings, the undersigned agrees with the parties that it is appropriate to remand this matter to the Commissioner. Accordingly, it is **ORDERED** that:

(1) Defendant's Unopposed Motion for Entry of Judgment with Remand (Doc. 22) is **GRANTED**.

(2) This action is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for the following reasons:

To update the medical record; to further evaluate all opinion evidence in the record – specifically the opinions in Exhibits 8F and 10F; to further evaluate plaintiff's residual functional capacity (RFC) and if necessary, offer plaintiff the opportunity for a new hearing, obtain supplemental vocational expert testimony, and issue a new decision; and to conduct any other proceedings the Commissioner deems appropriate.

(3) The Clerk is directed to enter judgment accordingly, and close the file.

**DONE** and **ORDERED** in Ocala, Florida on April 16, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties